UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| QUEEN A. TIYE SEARLES, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 07 C 6548 |
| | ) | |
| | ) | Judge Nordberg |
| | ) | |
| | ) | Magistrate Nolan |
| BOARD OF EDUCATION CITY OF | ) | |
| CHICAGO/CHICAGO SCHOOL REFORM | ) | |
| BOARD OF TRUSTEES, DUNCAN, ARNE, | ) | |
| Chief Executive Officer; RACHEL RESNICK, | ) | |
| Board Chief Labor Relations Officer, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendants, Board of Education of the City of Chicago ("Board") (improperly sued as Board of Education as City of Chicago/Chicago School Reform Board of Trustees), and individual defendants Arne Duncan and Rachel Resnick, by their attorneys, submit this memorandum of law in support of their motion to dismiss the complaint in its entirety.

### FACTS

Plaintiff, Queen Searles ("Searles") has filed a complaint alleging discrimination under the American with Disabilities Act ("ADA"), and discrimination based on race, color, and/or national origin in violation of 42 U.S.C. sec. 1983. (Complaint, paras. 9, 10) (The complaint is attached as Exhibit A). Plaintiff is employed by the Board as a teacher. In September 2003, Searles was placed on a 25 month leave because she was found unfit to teach. (Complaint, para. 13(i)). Plaintiff's complaint seeks back pay for the leave,

"promot[ion]" to the step salary position she would have been in if she had not taken a leave, a less stressful position "with similar responsibilities to the accounting/business position that she held," and a variety of other damages. (Complaint, para. 16).

This is the THIRD lawsuit plaintiff has filed as a result of the mandatory leave. *See Searles v. Board of Education et al,* 369 Ill. App. 3d 500, 861 N.E.2d 210 (1st Dist. 2006) (attached hereto as Ex. B). As set forth in detail in the appellate decision, Searles filed a lawsuit on November 12, 2003, in state court alleging that she was improperly place on leave. *Id.* at 502, 861 N.E.2d at 212. That matter was removed to federal court where it was dismissed with prejudice when plaintiff refused to present herself for a deposition. On December 30, 2004, plaintiff filed another lawsuit in state court seeking review of her leave. *Id.* at 503, 861 N.E.2d at 213. That case was dismissed and affirmed by the Illinois Appellate Court.

## ARGUMENT

### The Complaint Should Be Dismissed Because It Is Barred By *Res Judicata*

The complaint currently on file in this court should be dismissed because it is barred by *res judicata*. In the context of a motion to dismiss, the court may take judicial notice of the other lawsuits plaintiff has filed relating to her 25-month medical leave. "When a defendant raises *res judicata* as a defense and it is clear from the complaint's face, and matters of which the district court may take notice, that the plaintiff's claims are barred as a matter of law, dismissal under Rule 12(b)(6) is proper." *Arthur Anderson LLP v. Federal Ins. Co,* 2007 WL 844632, at 6-7 (N.D. Ill. March 2007, Pallmeyer, J.) (attached hereto as Ex. C).

2

**12(b)(6) Standard**

A complaint should be dismissed if it appears clear that "no relief could be granted under any set of facts that could be proved consistent with the allegations." *Ledford v. Sullivan*, 105 F.3d 354, 357 (7th Cir. 1997). In deciding a motion to dismiss, the court must treat all well-pleaded factual allegations in the complaint as true and must draw all reasonable inferences from those allegations in the plaintiff's favor. *MCM Partners, Inc. v. Andrews-Bartlett & Assoc.*, 62 F.3d 967, 972 (7th Cir. 1995).

**Res Judicata**

Because plaintiff's most recent lawsuit arising from her leave was adjudicated in Illinois state court, Illinois law determines whether plaintiff's current complaint is barred by *res judicata*. *4901 Corp. v. Town of Cicero*, 220 F.3d 522, 528 (7th Cir. 2000).

Under Illinois law, "[f]or the doctrine of *res judicata* to apply, the following three requirements must be satisfied: (1) there was final judgment on the merits rendered by a court of competent jurisdiction, (2) there is an identity of course of action, and (3) there is an identity of parties and their privies." *River Park, Inc. v. City of Highland Park,* 184 Ill. 2d 290, 303, 703 N.E.2d 883, 889 (1998). Further, "*res judicata* extends to those questions which could have been raised or determined" in the prior litigation. *See Saxon Mortgage, Inc. v. United Financial Mortgage Corp.*, 312 Ill. App. 3d 1098, 1109, 728 N.E.2d 537, 545 (1st Dist. 2000). All of these elements have been satisfied in the present case.

The first element of the *River Park* test is met because there are two final judgments on the merits relating to plaintiff's leave in *both* federal and state court. Judge Guzman

dismissed the first case because she "willfully and defiant[ly]" violated the court's order that she appear for her deposition, stating:

> The plaintiff failed to appear for her deposition again. The plaintiff failed to respond to written discovery, indicating that she is unable to attend her deposition because she is out of town on vacation and that even if she were in Chicago she would not attend the deposition because she is entitled to a vacation. She may be available at some unspecified future date when she is done resting and that she does not deserve to be deposed and instead deserves a hearing because she needed a vacation from the defendants.

(Transcript of July 29, 2004, hearing before federal district court Judge Ronald Guzman, attached hereto as Ex. D). Plaintiff's decision to willfully violate discovery orders and her failure to move to vacate or appeal that order ended her case. In April 2005, Cook County Circuit Judge Anthony Young dismissed the second case and it was affirmed by the Illinois appellate court. This is now plaintiff's third lawsuit relating to her 25-month leave. The law prevents her from attempting to re-litigate the same issues again or to litigate matters that she could have raised during the prior lawsuits.

The second element of the *River Park* test is satisfied because there is an identity of course of action between the complaint now before this court and the prior lawsuits because they all sought relief arising from plaintiff's 25-month medical leave. There are two tests under Illinois law for determining whether there is an identity of cause of action. The Illinois Supreme Court set out the tests in *River Park*, 184 Ill. 2d 307, 703 N.E.2d at 890:

> [T]hat Illinois courts have adopted two tests for determining whether causes of action are the same for purposes of *res judicata*. Under the "same evidence" test, a second suit is barred "if the evidence needed to

4

sustain the second suit would have sustained the first, or if the same facts were essential to maintain both actions." The "transactional" test provides that the assertion of different kinds or theories of relief still constitutes a single cause of action if a single group of operative facts give rise to the assertion of relief. In a almost all cases in which Illinois courts have discussed these two tests, the courts have found that the result of the analysis was the same, regardless of which test was applied. Courts, including this court, either have found that an identity of cause of action exists under either test or they have found that there is no identity of cause of action under either test.

Either test demonstrates that the two lawsuits are the same action. The same facts and proofs are at issue in both the federal and the state court lawsuits. In essence, plaintiff is contesting the 25-month medical leave that the Board placed her on after she was found not competent to teach. Plaintiff has had ample opportunity to litigate this issue in federal court and state court. Because, under Illinois law, it was dismissed on the merits, she cannot relitigate it in this forum. Principles of *res judica* require dismissal.

The final element of the *River Park* test is satisfied because there is an identity of parties and privies. The Board and Arne Duncan were named defendants in the prior lawsuit. The current lawsuit names Rachel Resnick ("Resnick"), Chief Labor Relations Officer for the Board as an individual defendant. As the successor to former Chief Labor Relations Officer and defendant John Franz, Resnick is clearly a privy. While "[p]rivity is an elusive concept, it is generally applied to those with a sufficiently close identity of interests." *People Who Care v. Rockford Board of Education*, 68 F.3d 172, 177 (7th Cir. 1995); *see also People v. Progressive Land Developers*, 151 Ill. 2d 285, 602 N.E.2d 820, 825 (1992). Further, "[u]nder the doctrine of virtual representation, a person may be bound by a judgment even though not a party if one

of the parties . . . is so closely aligned with his interests as to be his virtual representative."

*People Who Care,* 68 F.3d at 177.

## CONCLUSION

For the foregoing reasons, defendants respectfully request that this court dismiss the complaint with prejudice.

Respectfully submitted,

PATRICK ROCKS,
General Counsel


By: s/Debra A. Harvey
    DEBRA A. HARVEY (for the Board)
    Assistant General Counsel
    Board of Education of the City of Chicago
    125 South Clark Street, Suite 700
    Chicago, Illinois 60603
    773/553-1700

By: s/Kristin A. Lion
    KRISTIN A. LION
    (for the individual defendants)
    Assistant General Counsel
    Board of Education of the City of Chicago
    125 South Clark Street, Suite 700
    Chicago, Illinois 60603
    773/553-1700

## CERTIFICATE OF SERVICE

I, Kristin A. Lion, an attorney, certify that I have caused true and correct copies of the attached **DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT** by mailing a copy to the person named below, at the addresses therein stated and depositing the same in the U.S. Mail, postage prepaid at 125 South Clark Street, Chicago, Illinois 60603, at or about 5:00 p.m. on this 10th day of January, 2008.

Queen A. Tiye Searles
P.O. Box 6139
Chicago, IL  60680-6139

s/Kristin A. Lion
KRISTIN A. LION
Assistant General Counsel