MAR 21 2008

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

QUEEN A. TIYE SEARLES )
                      Plaintiff, )
)  CIVIL ACTION
v. )
)  No. 07CV6548
BOARD OF EDUCATION OF THE CITY OF CHICAGO/ )
CHICAGO SCHOOL REFORM BOARD OF TRUSTEES, )  07CV6548
DUNCAN, ARNE Chief Executive Officer; )  Judge Nordberg
RESNICK, RACHEL; Board Chief Labor Relations Officer )
                      Defendants. )

## NOTICE OF FILLINGS

To:  Patrick Rocks
General Counsel
Board of Education of the City of Chicago
125 South Clark Street, Suite 700
Chicago, Illinois 60603
(773) 553-1700

     **PLEASE TAKE NOTICE** that on March 21, 2008, I have filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, **PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT** and the attached **MOTION TO AMEND THE COMPLAINT.**

     **PLEASE TAKE FURTHER NOTICE** the plaintiff is requesting that an order is entered on the Motion without requiring a appearance of the parties.

     **DATED** at Chicago, Illinois this 21st day of March, 2008.

Respectfully submitted,

_Queen Tiye Searles_
Queen Tiye Searles,
Litigant – Pro Se
P.O. Box 6139
Chicago, Illinois 60680-6139
(773) 412-6595

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| QUEEN A. TIYE SEARLES<br>Plaintiff, | )<br>)<br>)<br>) CIVIL ACTION<br>) |
| v. | ) No. 07CV6548<br>) Judge Nordberg<br>) 07cv6548 |
| BOARD OF EDUCATION OF THE CITY OF CHICAGO;<br>ARNE DUNCAN, Chief Executive Officer;<br>RACHEL RESNICK, Board Chief Labor Relations Officer<br>Defendants. | )<br>)<br>)<br>) |

### AMENDED
### COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.

2. The plaintiff is Queen A. Tiye Searles of the county of Cook in the state of Illinois.

3. The defendants are, The Board of Education of the City of Chicago/Chicago School Reform Board of Trustees (Board), Arne Duncan, and Rachel Resnick of the county of Cook in the state of Illinois, whose address is 125 South Clark Street Chicago, Cook County, Illinois 60603.

4. The plaintiff was employed by the defendants at John Marshall High School, located 3250 West Adams, Chicago, Cook County Illinois, 60624.

5. The plaintiff was denied employment by the defendant from September 25, 2005 through February 6, 2006.

6. Defendants discriminated against the plaintiff on or about September 23, 2005 when a mandatory involuntary personal illness leave was scheduled to end.

7. The Defendant is not a federal governmental agency, and the plaintiff has filed a charge against the defendant asserting the acts of discrimination indicated in this complaint with the following government agency:

    (i) The United States Equal Employment Opportunity Commission, on or about October 4, 2005.

    (ii) A copy of said charge is attached hereto.

It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

8. The United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on or about August 22, 2007, a copy of which is attached to this complaint.

9. The defendant discriminated against the plaintiff because of the plaintiff's

    (c) Disability (Americans with Disabilities Act).

10. Plaintiff further alleges that the defendant, The Board of Education City of Chicago, a local municipal discriminated on the basis of race, color, and/or national origin (42 U.S.C. § 1983).

11. Jurisdiction over the statutory violation alleged is conferred as follows: by 28 U.S.C § 1331, 28; 28 U.S.C § 1343(a)(3); 42 U.S.C. § 2000e-(f)(3); by 42 U.S.C § 12101(a)(5)(7)(8); 12102(c); 12111(8) &,(9)(B); 12112(a), (b)(1)(3), (5)(A), (B), (6)& (7), (d)(A); 12117 & by CFR Title 29 § 825.310(c) & (e); § 825.215(a), (e)(4)

12. The defendant terminated the plaintiff's employment; failed to re-employee plaintiff at the end of a pre-designated return date; failed to reasonably accommodate the disabilities that defendants perceived while defendants sought a third Fitness for Duty Examination (ffd). The plaintiff further maintains that defendants failed to place plaintiff in an equivalent position in accordance with applicable labor laws.

13. The facts supporting the plaintiff's claim of discrimination are as follows:

    (i) On September 22, 2003 the Board of Education City of Chicago, defendant, placed plaintiff on a mandatory two year unpaid psychologically unfit to teach personal illness leave from September 22, 2003 through September 23, 2005

2

    based on a one-time 40 minute interview with a Board appointed clinical psychologist.

(ii) Plaintiff obtained several evaluations from psychological professionals all of whom stated that it is not possible for them to specifically state that a person is psychologically fit or unfit for duty based on one visit, however they all agreed that plaintiff presented no psychotic symptoms, no evidence of depression, anxiety, or bi-polar disorders and required no medication.

(iii) Several months prior to her scheduled return and in an effort to obtain a FFD that specifically stated that plaintiff is fit to return to duty as required by the defendants, plaintiff established an ongoing history of visitations with Sharon Lieteau, MD Psychiatrist.

(iv) In a meeting held on September 2, 2005, with Board attorneys, it was agreed that plaintiff would obtain a FFD examination from Dr. Lieteau whom she had been seeing on a regular basis. At this same meeting The General Counsel for the defendants indicated that it was his understanding that the leave should not end until February 2006 based on an existing Board Rule whereby a teacher can be placed on up to a 25-month involuntary medical leave.

(v) At this same meeting, plaintiff requested a reasonable accommodation in accordance with applicable laws and was later denied.

(vi) Prior to the time said unprecedented mandatory leave was scheduled to expire on September 23, 2005, there were no Board Rules stating that a teacher can be placed on a two year or up to a two and one half year unpaid unfit to teach leave based on allegedly failing a FFD exam.

(vii) **On August 25, 2005** the defendants Repealed Chapter IV of the Board Rules and adopted New Chapter IV Board Rules. Said rules provide that involuntary

3

|  |  |
|---|---|
|  | leaves may be extended to 25 months however, they also state that all request for leave extensions must be supported by a certification from an appropriately licensed health-care provider regarding the necessity of said extension. Article I § 10 of the U. S. Constitution prohibits States from the exercise of ex post facto law, thus defendants erroneously applied the newly adopted rules to plaintiff. |
| (viii) | Although Dr. Lieteau's evaluation was obtained per our September 2, 2005 agreement and is succinct and in accordance with the *Code of Federal Regulations Title 29* § 825.310; which specifically states that a fitness-for-duty certification need only be a simple statement of an employee's ability to return to work…the employer may not delay the employee's return to work while contact with the health care provider is being made… no second or third fitness-for –duty certification may be required; defendants unduly delayed plaintiff's return to work. |
| (ix) | On October 12, 2005, two weeks after plaintiff was scheduled and prepared to return to work, defendants sent plaintiff a letter stating that the Leave of Absence was effective through February 22, 2006 and required plaintiff to submit to another Medical in violation of the aforementioned CFR regulations and further attempted to schedule plaintiff for an appointment with the same doctor and institution that provided the unsubstantiated 40 minute interview that placed plaintiff on said leave. |
| (x) | On October 14, 2005, Plaintiff's attorney wrote a settlement agreement which reiterated to the defendants that plaintiff will not be examined by Dr. Lambert or his affiliates as discussed on September 2. 2005. |

4

(xi) In addition to the CFR, defendants blatantly disregarded the American with disabilities act (ADA), which state in substantial part that, ...*no employer shall discriminate against a person with a physical or mental disability in regard to... advancement, or discharge of employees and privileges of employment including those being regarded as having such an impairment...; a reasonable accommodation shall be made for such individuals with disabilities that could include, job restructuring reassignment to a vacant position ...; It further prohibits employers from requiring a medical examination...unless such examination is shown to be job related...*

(xii) Notwithstanding that defendants did not arrange for plaintiff to be evaluated by Dr. Elizabeth Thompson, a Board appointed clinical psychologist until December 29, 2005, defendants refused to provide plaintiff with reasonable accommodations in accordance with the ADA, causing plaintiff to lose her commercial and residential property.

(xiii) Although Dr. Thompson's positive Conclusions and Recommendations were received by the defendants on January 12, 2006, defendants still did not provide a reasonable accommodation for plaintiff, causing her further irreparable harm and financial devastation.

(xiv) The plaintiff submitted documentation throughout the unprecedented mandatory personal illness leave refuting the fact that she had no psychological impairments, however the defendants intentionally disregarded professional evaluations and did not return plaintiff to work until February 6, 2006 in a position that was not equivalent to the accounting position that plaintiff held prior to said mandatory leave.

5

14. The defendants treated and regarded plaintiff as though she was psychologically unfit to teach and demonstrated reckless indifference to plaintiff's rights to economic self-sufficiency in accordance with the *ADA §12101 (5), (7) & (8)* and engaged in outright intentional discriminatory exclusionary employment tactics which have imposed undue hardships upon plaintiff and has caused plaintiff emotional pain, suffering, inconvenience, mental anguish, as well as loss of enjoyment of life.

15. The plaintiff demands that the case be tried by a jury.

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff:

    a. Direct the defendants to pay the plaintiff full back pay.

    b. Direct the defendant to promote the plaintiff to the step that she would have had not she been placed on a two and one half year mandatory leave.

    c. Direct the defendants to place plaintiff in an equivalent or less stressful position with similar responsibilities to the accounting /business position that she held.

    d. If available grant the plaintiff appropriate injunctive relief, lost wages. Liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

    e. Grant such other relief as the Court may find appropriate.

Respectfully,

*Queen A. Tiye Searles*
(Plaintiff's signature)

*Queen Tiye Searles*
(Plaintiff's name)
P. O. Box 6829
Chicago, Illinois 60680-6189
(773 )412-6595

6

EOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 210-2006-00051 |

Illinois Department Of Human Rights and EEOC
*State or local Agency, if any*

Name (Indicate Mr., Ms., Mrs.): Queen Tiye Searles
Home Phone No. (Incl Area Code): (773) 412-6595
Date of Birth: 09-18-1957

Street Address: 8729 S. Commercial, Chicago, IL 60617

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

Name: CHICAGO BOARD OF EDUCATION
No. Employees, Members: 201 - 500
Phone No. (Include Area Code): (773) 535-8000

Street Address: 125 S. Clark, Chicago, IL 60617

DISCRIMINATION BASED ON (Check appropriate box(es)):
☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 09-22-2003
Latest: 09-17-2005
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired by the Respondent in 1988. My most recent position was Teacher. On September 22, 2003, I was put on a two year mandatory unpaid illness leave. Although I provided documentation that disputed the Respondent's psychological evaluation of my fitness for duty, I was still forced to stay on leave. On September 17, 2005, I was released to return to work by my doctor. Instead of allowing me to return to work, the Respondent extended my unpaid illness leave until February of 2006. No reason was given for this extension.

I believe I have been discriminated against based on disability, in violation of the Americans with Disabilities Act of 1990.

RECEIVED EEOC

CHICAGO DISTRICT OFFICE

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date: Oct 04, 2005
Charging Party Signature: Queen Tiye Searles

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

 **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Chicago District Office**

500 West Madison Street, Suite 2800
Chicago, IL 60661
(312) 353-2713
TTY (312) 353-2421
FAX (312) 353-4041

July 20, 2007

Queen Tiye Searles
6815 S. Merrill Avenue
Chicago, Il 60649

Re: Queen Tiye Searles
Respondent: Chicago Board of Education
EEOC Number: 210-2006-00051

Dear Ms. Searles:

The enclosed Dismissal and Notice of Rights was sent to you on **January 17, 2007** via certified mail. However, the Postal Service returned it to the Commission because **it was unclaimed.**

We are sending it via regular mail so that you may have another opportunity to receive it.

Sincerely

John P. Rowe
District Director

Equal Employment Opportunity Commission

# DISMISSAL AND NOTICE OF RIGHTS

To: Queen Tiye Searles
6815 S. Merrill Avenue
Chicago, IL 60649

From: Equal Employment Opportunity Commission
500 West Madison
Suite 2800
Chicago, Illinois 60661

Certified No.: 7001 0320 0006 1099 8727

[ ] *On behalf of a person aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 210-2006-00051 | Cristina Wodka, Investigator | (312) 353-1401 |

*(See the additional information attached to this form.)*

**YOUR CHARGE IS DISMISSED FOR THE FOLLOWING REASON:**

[ ] The facts you allege fail to state a claim under any of the statutes enforced by the Commission

[ ] Respondent employs less than the required number of employees.

[ ] Your charge was not timely filed with the Commission, i.e., you waited too long after the date(s) of the discrimination you alleged to file your charge. Because it was filed outside the time limit prescribed by law, the Commission cannot investigate your allegations.

[ ] You failed to provide requested information, failed or refused to appear or to be available for necessary interviews/conferences, or or otherwise refused to cooperate to the extent that the Commission has been unable to resolve your charge. You have had more than 30 days in which to respond to our final written request.

[ ] The Commission has made reasonable efforts to locate you and has been unable to do so. You have had at least 30 days in which to respond to a notice sent to your last known address.

[ ] The respondent has made a reasonable settlement offer which affords full relief for the harm you alleged. At least 30 days have expired since you received actual notice of this settlement offer.

[X] The Commission issues the following determination: Based upon the Commission's investigation, the Commission is unable to to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] Other (*briefly state*) _____

- NOTICE OF SUIT RIGHTS -

[X] **Title VII and/or the Americans with Disabilities Act:** This is your NOTICE OF RIGHT TO SUE, which terminates the Commission's processing of your charge. If you want to pursue your charge further, you have the right to sue the respondent(s) named in your charge in a court of competent jurisdiction. If you decide to sue, you must sue **WITHIN 90 DAYS** from your receipt of this Notice; otherwise your right to sue is lost.

[ ] **Age Discrimination in Employment Act:** This is your NOTICE OF DISMISSAL OR TERMINATION, which terminates processing of your charge. If you want to pursue your charge further, you have the right to sue the respondent(s) named in your charge in a court of competent jurisdiction. If you decide to sue, you must sue **WITHIN 90 DAYS** from your receipt of this Notice; otherwise your right to sue is lost.

[ ] **Equal Pay Act (EPA):** EPA suits must be brought within 2 years (3 years for willful violations) of the alleged EPA underpayment.

On behalf of the Commission

John P. Rowe, District Director

Enclosures
Information Sheets
Copy of Charge
cc: Respondent(s)   Chicago Board of Education

EEOC Form 161 (Test 5/95)

## CERTIFICATE OF SERVICE

I, Queen Tiye Searles, Plaintiff and Pro Se litigant, certify that I have caused true and correct copies of the at6tached Response to the Defendants' Motion to Dismisss Plaintiff's Complaint by personal service to the Defendants at their corporate address listed below on March 21, 2008.

Patrick Rocks
Chicago Board of Education of the City of Chicago
125 South Clark Street, Suite 700
Chicago, Illinois 60603
(773) 553-1700


_____
Queen Tiye Searles,
Litigant – Pro Se
P.O. Box 6139
Chicago, Illinois 60680-6139
(773) 412-6595