UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| QUEEN A. TIYE SEARLES,<br>　　　　　　Plaintiff,<br>v.<br><br><br><br>BOARD OF EDUCATION AS CITY OF<br>CHICAGO/CHICAGO SCHOOL REFORM<br>BOARD OF TRUSTEES, DUNCAN, ARNE,<br>Chief Executive Officer; RACHEL RESNICK,<br>Board Chief Labor Relations Officer,<br><br>　　　　　　Defendants. | No. 07 C 6548<br><br>Judge Nordberg<br><br>Magistrate Nolan |

### DEFENDANTS' REPLY MEMORANDUM OF
### LAW IN SUPPORT OF MOTION TO DISMISS

Defendants, Board of Education of the City of Chicago and individual defendants Arne Duncan and Rachel Resnick, by their attorneys, submit this reply memorandum of law in support of their motion to dismiss the complaint in its entirety.

Plaintiff has attached numerous documents to her response, including a state court complaint she recently filed against the Board and other employees including the attorney assigned to this case, seeking damages of one million dollars. These documents, which were not attached to plaintiff's complaint, along with plaintiff's purported factual assertions in her response should be stricken and not considered by this court. *Rogers v. Lincoln Towing*, 771 F.2d 194, 198 (7th Cir. 1985).

In an attempt to evade the *res judicata* effect of the July 29, 2004 order dismissing plaintiff's case for failure to prosecute, which arose from her 25-month leave of absence,

plaintiff revisits United States District Judge Ronald Guzman's rationale for dismissing her case, but fails to explain why she did not move to vacate his dismissal order. (Pl. Response at 4).

Judge Guzman's order was a final dismissal and operates to bar plaintiff's claim under *res judicata*. *Tartt v. Northwest Community Hosp.*, 453 F.3d 817 (7th Cir. 2006). The *Tartt* court held that "[r]es judicata applies if there is '(1) a final judgment on the merits in an earlier action, (2) an identity of the cause of action in both the earlier and later suit, and (3) and identity of parties or privies in the two suits.'" *Id.* at 822 (citations omitted). As set forth in the defendants' opening brief, the test for determining *res judicata* is virtually identical under Illinois and federal law.

Plaintiff contends that the current case is not barred by *res judicata* because it does not satisfy this three- part test. (Pl. Response at 3-4). Plaintiff argues that there was no final judgment in the case before Judge Guzman because "defendants misrepresented plaintiff's responses to the scheduled disposition [sic] and prevaricated to the court." (Pl. Response at 4). She further states that she was available to have her deposition taken by telephone and that she told defense counsel that she was preparing to file a case in the United States Supreme Court and that she has not had a vacation in ten years. (Pl. Response at 4). None of these asserted facts, which are not pled in the complaint, affect the finality of Judge Guzman's order. Under Federal Rule 41, the order was a final adjudication on the merits and plaintiff did not move to vacate the order. Accordingly, the order was a final judgment on the merits and thus satisfies the first element of the three-

part test.

Plaintiff further argues that there is no identity of parties and no privies in the two cases because the names of the defendants are different. In both cases, however, the Board and Chief Executive Officer Arne Duncan were named as defendants. In the 2003 case before Judge Guzman, plaintiff also sued Board president Michael Scott, Director of Employee Services Wendy Haas and Principal Gwendolyn Boyd (who was dismissed with prejudice on June 25, 2004). Michael Scott and Wendy Haas are no longer officers or employees of the Board but Rachel Resnick, as Chief Labor Relations Officer, is certainly a privy. In sum, the parties in both cases are either identical or privies and third element is satisfied.

Plaintiff argues that the issues in the two cases are not the same and do not arise from an operative set of facts. (Pl. Response at 3). In support, plaintiff contends that the 2003 case arose from facts that occurred before the case was filed and that the facts in the current case arose from facts that occurred after September 2005. It is difficult to ascertain plaintiff's argument, but her prayer for relief is quite clear. As set forth in defendants' opening brief, plaintiff seeks damages arising from the 25- month leave of absence. The complaint seeks back pay for the leave, "promot[ion]" to the step salary position she would have been in if she had not taken a leave, a less stressful position "with similar responsibilities to the accounting/business position that she held," and a variety of other damages. (Complaint, para. 16). Plaintiff is not seeking damages for events which occurred between September 2005 and February 2006. Rather, she is seeking damages for the entire

leave and that is the fundamental basis of her lawsuit. As many lawsuits as plaintiff files, however, she cannot avoid the fact that her claim is barred by *res judicata*.

## CONCLUSION

For the foregoing reasons, defendants respectfully request that this court dismiss the complaint with prejudice.

        Respectfully submitted,

        PATRICK ROCKS,
        General Counsel

By:    s/Debra A. Harvey
       Debra A. Harvey (for the Board)
       Assistant General Counsel
       Board of Education of the City of Chicago
       125 South Clark Street, Suite 700
       Chicago, Illinois 60603
       773/553-1700

By:    s/Kristin A. Lion
       Kristin A. Lion (for the individual defendants)
       Assistant General Counsel
       Board of Education of the City of Chicago
       125 South Clark Street, Suite 700
       Chicago, Illinois 60603
       773/553-1700